UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| OLAJIDE GIWA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 09-1306 |
| CITY OF PEORIA, ILLINOIS, | ) ) ) |
| Defendant. | ) |

# O R D E R

This matter is now before the Court on Defendant's Motion to Dismiss. For the reasons set forth below, the Motion [#8] is GRANTED IN PART and DENIED IN PART.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the claims asserted arise pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, and the Age Discrimination in Employment Act ("ADEA").

## BACKGROUND[1]

Plaintiff, Olajide Giwa ("Giwa"), was employed by Defendant, City of Peoria, for nearly 20 years. He holds bachelor's and master's degrees in Urban Planning, and his duties generally included geographic information system operation, census data management, research and planning data development. At the time of his termination on March 6, 2008, he held the position of Senior Urban Planner.

---

[1] Unless otherwise noted, the background is taken from allegations in Plaintiff's Complaint and presumed to be true for purposes of resolving this Motion.

Beginning in 2003, Giwa had a new supervisor whom he does not specifically identify by name in any discernable fashion; based on certain stray comments in his narrative accompanying his Complaint, the Court assumes that this supervisor is the person that he refers to occasionally as "Pat." That being said, the identity of Giwa's supervisor should be well-known to Defendant. According to the Complaint, this supervisor began to subject him to racial, national origin, and age discrimination, as well as retaliation. He generally alleges discrimination dating back to 2003, while identifying specific incidents of purported discrimination from July 2004, March 2005, August 2005, March 2006, November 2006, August 2007, September 2007, February 2008, and March 2008. Giwa also references numerous incidents of insults, ridicule, harassment, embarassment, and intimidation spanning a period of more than four years prior to his termination.

On September 11, 2009, Giwa brought this action alleging that he was the victim of intentional discrimination and retaliation on the basis of his race, national origin, and age. Defendants have now moved to dismiss the Complaint. Giwa has filed his response, and this Order follows.

## **DISCUSSION**

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. See Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing

sufficient "to raise a right to relief beyond a speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

    I.    Timeliness

Defendant first argues that the information provided in the Complaint is insufficient to determine whether the filing was timely. Title 42 U.S.C. § 2000e-5 and the ADEA confer subject matter jurisdiction on federal district courts to hear cases dismissed by the EEOC. A person claiming to be aggrieved shall be notified of the EEOC's dismissal of a charge. 42 U.S.C. § 2000e-5(f)(1). The person aggrieved may then bring a civil action in the district court, and has ninety (90) days after receipt of the EEOC Notice within which to do so. Id. The 90-day limitation period begins to run on the date the EEOC notice is first received. Jones v. Madison Service Corp., 744 F.2d 1309, 1312 (7th Cir. 1984).

The City correctly notes that the Complaint gives no indication of when the notice of right to sue was received by Giwa. The record reflects that his Charge of Discrimination was received by the EEOC on February 2, 2009, and the notice was necessarily received at some time after that. In his response, Giwa represents that

his notice of right to sue was mailed to him on June 18, 2009, and received thereafter. However, this information is not reflected in the Complaint. Accordingly, the Motion to Dismiss is granted without prejudice to filing an amended complaint, and Giwa is directed to amend his Complaint to include this information, as well as his best recollection of when he received the notice.

II.     Failure to State a Claim

Defendant next seeks the dismissal of the Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).  Specifically, Defendant argues that the Complaint fails to describe the claim in sufficient detail to give it fair notice of what the claim is and the grounds upon which it rests.  A complaint must also suggest that the plaintiff has a right to relief that is more than speculative.

Rule 8 of the Federal Rules of Civil Procedure requires that any complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  "Each averment of a pleading shall be simple, concise, and direct."  Fed. R. Civ. P. 8(e)(1).  The Supreme Court has also clarified that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 -1965 (2007).

With all due respect, the Court finds Defendant's argument to be without merit. While Giwa's Complaint is not a model of clarity, it does clearly place Defendant on notice that the claim against it is based on his former supervisor's alleged violation of federal law, namely conduct that could constitute discrimination and/or retaliation in violation Title VII and/or the ADEA.  Construed liberally, Giwa's Complaint can be read to allege that he was

treated differently from other employees on the basis of his race, national origin, and age, resulting in unlawful disciplinary actions, employment reviews or project assignments, and ultimately, his termination.  Although not by any means "short and plain," Giwa has provided Defendant with sufficient notice of the gist of his claim that is more than mere labels or formulaic recitations.  Questions of whether the incidents described fall within the applicable limitations period or rise to the level of actionable adverse employment actions are not before the Court and remain to be determined on a more complete factual record.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss [#8] is GRANTED IN PART and DENIED IN PART.  Giwa shall file an amended complaint curing the identified deficiencies if he is able to do so in good faith within 14 days from the date of this Order.

ENTERED this 29th day of April, 2010.

s/Michael M. Mihm
Michael M. Mihm
United States District Judge