## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| OLAJIDE GIWA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-1306 |
| ) | |
| CITY OF PEORIA, ILLINOIS, et al., ) | |
| ) | |
| Defendant. ) | |

### O R D E R

This matter is now before the Court on Defendant's Motion to Dismiss. For the reasons set forth below, the Motion [#15] is DENIED.

### JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00.

### DISCUSSION

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. See Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Furthermore, the claim for relief must be "plausible on its face." Id.; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff.  See Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

Defendant moves to dismiss the Complaint, arguing that the Complaint was untimely filed.  However, Defendant's argument is without merit and is based on a flawed understanding of the Court's filing system, as well as the law in this circuit.

Defendant bases its motion on the fact that the docket reflects that Giwa's Complaint was not formally filed until October 27, 2009.  A review of the docket reveals that the Complaint was in fact submitted on September 11, 2009, with his Application to Proceed In Forma Pauperis.  It is the Court's policy that Complaints, although received, are not filed formally on the docket until the payment situation is resolved, which in this case occurred with the payment of the filing fee on October 27, 2009.

Moreover, a complaint is deemed filed for purposes of invoking the Court's jurisdiction when it is placed in the custody of the district court clerk. Smith-Bey v. Hospital Administrator, 841 F.2d 751, 757 n. 5 (7th Cir. 1988).  Where the complaint is accompanied by an application to proceed in forma pauperis, the statute of limitations is tolled during the pendency of the application or resolution of the payment situation within the deadlines established by the Court. Bahler v. Lopez, 231 Fed.Appx. 500, 502 (7th Cir. 2007), *citing* Robinson v. Doe, 272 F.3d 921, 922-23 (7th Cir. 2001); Gilardi v. Schroeder, 833 F.2d

1226, 1233 (7th Cir. 1987); McCrum v. Elkhart County Dept. Of Public Welfare, 806 F.Supp. 203, 207 (N.D. Ind. 1992); Humphries v. CBOS West, Inc., 343 F.Supp.2d 670, 675 (N.D.Ill. 2004); Sentry Corp. v. Harris, 802 F.2d 229 (7th Cir.1986) (holding that if the plaintiff has filed a complaint in compliance with the statute and the Federal Rules of Civil Procedure, it should be deemed "filed" for statute of limitations purposes.)  In other words, "[a] complaint is 'filed' for purposes of [tolling] when the court clerk receives the complaint, not when it is formally filed in compliance with all applicable rules involving filing fees and the like." Bahler, 231 Fed.Appx. at 502.  Defendant's Motion to Dismiss is therefore summarily denied.

## **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss [#15] is DENIED.

ENTERED this 9th day of June, 2010.

                                                  s/ Michael M. Mihm
                                                  Michael M. Mihm
                                                  United States District Judge